STATE OF MINNESOTA

IN SUPREME COURT

A16-0671



November 17, 2016
OFFICE OF
APPELLATE COURTS

In re Petition for Reinstatement of
Carol Lynn O'Gara, a Minnesota Attorney,
Registration No. 0230790.

ORDER

The court indefinitely suspended petitioner Carol Lynn O'Gara from the practice of law for a minimum of 90 days, effective as of April 3, 2008. *In re O'Gara*, 746 N.W.2d 130, 131 (Minn. 2008) (order). Petitioner applied for reinstatement in April 2016, and a hearing was held before a panel of the Lawyers Professional Responsibility Board. The panel found that petitioner proved by clear and convincing evidence that she is morally fit to resume the practice of law. *See In re Mose*, 843 N.W.2d 570, 574-75 (Minn. 2014) (providing that the burden is on the attorney to establish by clear and convincing evidence the moral fitness to resume the practice of law). The panel recommends that petitioner be reinstated to the practice of law and placed on supervised probation for a period of 2 years. Petitioner and the Director of the Office of Lawyers Professional Responsibility agree with the panel's recommendation.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that petitioner Carol Lynn O'Gara is reinstated to the practice of law and placed on probation for a period of 2 years, to terminate 2 years after

1

petitioner's reinstatement or 2 years after petitioner resumes the private practice of law, whichever is later, and subject to the following terms and conditions:

(a)     Petitioner shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Petitioner shall promptly respond to the Director's correspondence by the due date. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, petitioner shall authorize the release of information and documentation to verify compliance with the terms of this probation.

(b)     Petitioner shall abide by the Minnesota Rules of Professional Conduct.

(c)     Petitioner shall continue her current mental health treatment program, under which she is now seen on an as-needed basis, and shall follow all recommendations of her treating professional, which includes taking medications as prescribed.

(d)     If petitioner engages in the practice of law other than as a solo practitioner, she shall do so subject to supervision, until the end of the probationary period, by a licensed Minnesota attorney, who may be employed by the same entity as petitioner. The attorney shall be appointed by the Director to monitor petitioner's compliance with the terms of this probation. Petitioner shall notify the Director as soon as practicable of her intention to engage in the practice of law other than as a solo practitioner. At the same time that petitioner notifies the Director of her intention to engage in the practice of law other than as a solo practitioner, petitioner shall provide the Director with the names of two attorneys who have agreed to be nominated as petitioner's supervisor. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director will locate the supervisor. Petitioner shall cooperate fully with the supervisor in his or her efforts to monitor compliance with this probation. The supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

(e)     Petitioner shall not engage in solo practice during the probationary period unless petitioner demonstrates to the satisfaction of the Director that she cannot find other employment as an attorney. If petitioner engages in the practice of law as a solo practitioner at any time during the probationary period, she shall be subject to the following conditions for 2 years or until the end of the probationary period, whichever occurs sooner:

2

(i)     Petitioner shall notify the Director at least 30 days before engaging in the practice of law as a solo practitioner.

(ii)    Petitioner shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor petitioner's compliance with the terms of this probation. At the same time that petitioner notifies the Director of her intention to open a solo practice, petitioner shall provide to the Director the names of at least two attorneys who have agreed to be nominated as her supervisor. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director will locate the supervisor. Petitioner shall make active client files available to the Director upon request.

(iii)   Petitioner shall cooperate fully with the supervisor in his or her efforts to monitor compliance with this probation. Petitioner shall contact the supervisor weekly, either in person or by telephone, and shall schedule a minimum of one in-person meeting per month. Petitioner shall submit to the supervisor an inventory of all active client files at least 1 week before each in-person meeting. With respect to each active client file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. At least quarterly, the supervisor shall review a random sample of petitioner's open files. The supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

(iv)    Petitioner shall initiate and maintain office procedures that ensure (1) that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters she is handling; and (2) that petitioner regularly reviews all files and completes legal matters on a timely basis.

(v)     At the same time that petitioner notifies the Director of her intention to engage in the solo practice of law, petitioner shall provide to the Director a written plan outlining office procedures designed to ensure that petitioner complies with the requirements of this probation. Petitioner shall also provide the Director with an updated business plan, and shall provide the updated business plan and office procedures plan to her supervisor, once appointed.

(vi)    Petitioner shall maintain law office and trust account books and records in compliance with Minn. R. Prof. Conduct 1.15. These books

3

and records shall include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, cancelled checks, duplicate deposit slips and bank reports of interest earned, service charges, and interest payments to the Lawyers Trust Account Board. Such books and records shall be made available to the Director at such intervals as the Director deems necessary to determine compliance.

(vii)    Petitioner shall apply for malpractice insurance with coverage, limits, and an insurance company approved by the Director. Petitioner shall not be required to purchase malpractice insurance if she can demonstrate to the Director that it is unavailable or unduly expensive.

Dated:  November 17, 2016                BY THE COURT:

David R. Stras
Associate Justice